09-5209-ag
Lin v. Holder

BIA
A070 170 185

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand eleven.

PRESENT:
>    RALPH K. WINTER,
>    BARRINGTON D. PARKER,
>    REENA RAGGI,
>        *Circuit Judges*.

───────────────────────────────────

WEN XIN LIN,
>    *Petitioner*,

>        v.                                          09-5209-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

───────────────────────────────────

FOR PETITIONER:        James Costo, Brooklyn, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Julia J. Tyler, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wen Xin Lin, a native and citizen of the People's Republic of China, seeks review of a November 19, 2009, order of the BIA denying his motion to reopen. *In re Wen Xin Lin*, No. A070 170 185 (B.I.A. Nov. 19, 2009).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion, mindful that such motions are disfavored.  *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  An alien may file only one motion to reopen within ninety days of the final administrative order of removal.  8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).  There is no filing deadline, however, if the alien establishes materially "changed country conditions arising in the country of nationality."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  Here, the BIA did not abuse its discretion in denying Lin's motion as untimely because it was filed more than two years after his May 24, 2006 final order of removal.  *See* 8 U.S.C.

2

§ 1229a(c)(7)(C)(ii).

Lin maintains that the filing deadline does not apply here because he adduced evidence demonstrating he would be persecuted based on his political participation in the China Democracy Party ("CDP") and publication of pro-democracy articles. We are not persuaded. Contrary to Lin's assertions, the BIA did not abuse its discretion in relying, in part, on the immigration judge's prior adverse credibility determination in concluding that the newly submitted evidence was unreliable. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (concluding that BIA reasonably declined to credit documentary evidence submitted with motion to reopen where alien previously found not credible).[1]

In any event, even without the adverse credibility

---

[1] *Paul v. Gonzales*, 444 F.3d 148 (2d Cir. 2006), on which Lin relies, is not to the contrary. There, we determined that the BIA abused its discretion in rejecting newly submitted country condition reports based on a prior adverse credibility finding regarding past persecution when the petitioner was found credible regarding the factual predicate for his claim of future persecution. *Id.* at 150, 154. In contrast, the IJ here did not make any positive credibility findings, and the reliability of Lin's affidavit and mostly unauthenticated documentation depends on his credibility.

finding, the BIA reasonably determined that Lin failed to present material evidence of changed country conditions because his claims lacked specificity and corroboration. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (noting that BIA may deny motion to reopen if threshold evidentiary requirement not met). The two submitted articles do not show a change of conditions relevant to Lin's claim when neither one mentions the CDP.[2] Moreover, Lin presented no corroborating evidence suggesting that he published any articles or that China was aware of his purported publications. *See Qin Wen Zheng v. Gonzales*, 500 F.3d at 148. Thus, the BIA did not abuse its discretion in denying Lin's motion based on his failure to demonstrate changed country conditions excusing the untimely filing of his motion to reopen. *See Ali*, 448 F.3d at 517.

In addition, the record does not support Lin's assertion that the BIA failed to consider his new evidence. To the contrary, the BIA explicitly mentioned Lin's affidavit, CDP membership card, photographs, two news

---

[2] Although Lin cites to country conditions evidence from 2005 and 2007, because these documents do not appear in the record we do not consider them. *See* 8 U.S.C. § 1252(b)(4)(A).

4

articles, and proof related to Lin's conversion to Christianity, and found this evidence neither reliable nor probative of changed country conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) (presuming "that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *id.* at 342 (explaining that weight afforded to asylum applicant's evidence lies largely within discretion of agency).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5